510 S.E.2d 280

Marsha MILLS, Individually and as the Administratrix of the Estate of Terrance Lee Mills, Plaintiff,

v.

QUALITY SUPPLIER TRUCKING, INC., a West Virginia Corporation, and Roadway Express, Inc., a Corporation, Defendants.

No. 25141.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 16, 1998.

Decided Nov. 20, 1998.

H.F. Salsbery, Esq., Anne E. Shaffer, Esq., Madonna C. Estep, Esq., Salsbery & Druckman, Charleston, West Virginia, Attorneys for Plaintiff.

Robert Johns, Esq., Jackson & Kelly, Charleston, West Virginia, Attorneys for Quality Supplier Trucking.

Jeffery L. Robinette, Esq., Stephen M. LaCagnin, Esq., Jackson & Kelly, Morgantown, West Virginia, Attorneys for Roadway Express, Attorneys for Defendants.

WORKMAN, Justice:

We are presented with two certified questions from the Circuit Court of Mineral County, West Virginia, regarding negligent hiring and wrongful death claims pending in West Virginia against an Ohio trucking company based upon manslaughter occurring in the state of Maryland. The questions certified to this Court, including the circuit court's answers, are as follows:

> 1. In a wrongful death action pending in West Virginia against a trucking company principally located in Ohio, which is based upon a claim that the trucking company negligently hired a driver who shot and killed a driver in Maryland, does the substantive law of the State of Ohio, Maryland or West Virginia control the negligent hiring cause of action?

> Circuit Court Answer: Maryland.

> 2. In a wrongful death action pending in WV against a trucking company principally located in Ohio, which is based upon a claim that the trucking company negligently hired a driver who shot and killed a driver from West Virginia while in Maryland, does the substantive law of Maryland apply to the wrongful death cause of action, including the defenses of contributory negligence and assumption of the risk?

> Circuit Court Answer: West Virginia.

Based upon the parties' agreement, subsequent to the certification, that the circuit court was correct in concluding that Maryland law should govern the negligent hiring issue, we address only the second certified question.

## I. STANDARD OF REVIEW

■ In syllabus point one of *Gallapoo v. Wal–Mart Stores, Inc.*, 197 W.Va. 172, 475 S.E.2d 172 (1996), we explained that "[t]he appellate standard of review of questions of law answered and certified by a circuit court is *de novo.*"

## II. FACTS

On March 30, 1993, Elijah Ruffin, an on-duty truck driver employed by Roadway Express, Inc. (hereinafter "Roadway"), a Delaware corporation with its principal place of business in Ohio, shot and killed Terrance Mills, an on-duty truck driver employed by Quality Supplier Trucking, Inc. (hereinafter "Quality"), a West Virginia corporation with its principal place of business in Mineral County, West Virginia, on Interstate 68 near Hagerstown, Maryland. Mr. Ruffin was a resident of Ohio, and Mr. Mills and his wife Marsha Mills, now the plaintiff in this civil action, were West Virginia residents.

Mr. Ruffin was subsequently convicted in Maryland of manslaughter, use of a handgun in the commission of a crime of violence, assault, reckless endangerment and illegally transporting a handgun in a motor vehicle. He was sentenced to twenty-five years in prison, based upon his crimes and his extensive criminal history, including an earlier conviction for shooting and killing another man. Upon becoming aware of Mr. Ruffin's extensive criminal history,[1] Mrs. Mills, the decedent's widow then residing in Georgia, filed a negligent hiring action in West Virginia against Roadway.[2] Mrs. Mills alleged that despite Mr. Ruffin's disclosure of a weapons possession charge on his application for employment with Roadway, Roadway failed to investigate the charge or other criminal behavior.

On May 1, 1997, Roadway filed a motion for partial summary judgment regarding choice of law, alleging that Ohio law should govern the negligent hiring issue and Maryland law should govern the wrongful death cause of action. Mrs. Mills maintained that Maryland law should control the negligent hiring issue and West Virginia law should control the wrongful death issue. The circuit court concluded that Maryland law should govern the negligent hiring and West Virginia law should govern the wrongful death

---

1. Mr. Ruffin's criminal history also encompassed multiple violent crimes, including assault with intent to murder (1958), weapons possession (1964), assault (1964), public order crimes (1964), homicide (1969), and felonious assault (1978).

2. Quality was named in Mrs. Mills' civil action as a result of its alleged tortious interference with Mrs. Mills' right to Workers Compensation wrongful death benefits. Quality chose not to file a brief in this Court since it is not implicated in the issues before this Court.

issue. Roadway then petitioned this Court for review of the above certified questions.

## III. DISCUSSION

■ Pursuant to the traditional doctrine of lex loci delicti, the substantive rights of the parties litigant are determined by the law of the place of injury. *McKinney v. Fairchild Intern., Inc.*, 199 W.Va. 718, 487 S.E.2d 913 (1997); *Blais v. Allied Exterminating Co.*, 198 W.Va. 674, 482 S.E.2d 659 (1996); *Paul v. Nat'l Life*, 177 W.Va. 427, 352 S.E.2d 550 (1986).

■ As this Court recognized in syllabus point one of *Paul*, "[i]n general, this State adheres to the conflicts of law doctrine of *lex loci delicti.*" 177 W.Va. at 428, 352 S.E.2d at 550. "*Lex loci delicti* has long been the cornerstone of our conflict of laws doctrine. The consistency, predictability, and ease of application provided by the traditional doctrine are not to be discarded lightly, and we are not persuaded that we should discard them today." 177 W.Va. at 433, 352 S.E.2d at 555 (footnote omitted). In emphasizing this Court's continued adherence to the doctrine, *Paul* explained the public policy exception to the doctrine of lex loci delicti as follows:

> However, we have long recognized that comity does not require the application of the substantive law of a foreign state when that law contravenes the public policy of this State. *Dallas v. Whitney*, 118 W.Va. [106], 188 S.E. 766 (1936). West Virginia has never had an automobile guest passenger statute. It is the strong public policy of this State that persons injured by the negligence of another should be able to recover in tort. Accordingly, we have abolished the doctrine of interspousal immunity, *Coffindaffer v. Coffindaffer*, 161 W.Va. 557, 244 S.E.2d 338 (1978), and we have adopted the doctrine of comparative

negligence in preference to the harsh rule of contributory negligence. *Bradley v. Appalachian Power Co.*, 163 W.Va. 332, 256 S.E.2d 879 (1979). We abolished charitable immunity for hospitals in *Adkins v. St. Francis Hospital*, 149 W.Va. 705, 143 S.E.2d 154 (1965).... And we abrogated the doctrine of parental immunity to permit an unemancipated minor child to sue for injuries received in a motor vehicle accident in *Lee v. Comer*, 159 W.Va. 585, 224 S.E.2d 721 (1976). Today we declare that automobile guest passenger statutes violate the strong public policy of this State in favor of compensating persons injured by the negligence of others. Accordingly, we will no longer enforce the automobile guest passenger statutes of foreign jurisdictions in our courts.

*Id.* at 433–34, 352 S.E.2d at 556 (footnote omitted).

■ In the present case, the operative distinction between West Virginia and Maryland law is the application of the comparative negligence doctrine in West Virginia as opposed to the contributory negligence doctrine in Maryland.[3] Maryland recognizes the defenses of contributory negligence and assumption of the risk as complete bars to recovery by a plaintiff. *Campbell v. Baltimore Gas and Elec. Co.*, 95 Md.App. 86, 619 A.2d 213 (Md.App.1993), *cert. denied*, 331 Md. 196, 627 A.2d 538 (Md.1993). Mrs. Mills would conceivably benefit from application of comparative negligence, rather than contributory negligence principles in Maryland which could bar any recovery if a jury found contributory negligence by Mr. Mills.

Mrs. Mills contends that while the doctrine of lex loci delicti would generally have applied to permit Maryland law to control the resolution of the wrongful death action, the public policy exception is invoked by the fact that contributory negligence principles are

---

**3.** As we explained in syllabus point three of *Bradley*, "[a] party is not barred from recovering damages in a tort action so long as his negligence or fault does not equal or exceed the combined negligence or fault of the other parties involved in the accident." 163 W.Va. at 332, 256 S.E.2d at 880. In footnote nineteen of *Bradley*, we explained that "[f]rom a purely mechanical standpoint, our new rule of comparative negli-

gence means that where plaintiff's contributory negligence is equal to or above 50 percent of the combined negligence of the parties to the accident, he is barred from recovery. This obviously is the meaning of the phrase, 'substantially negligent plaintiff.'" *Id.* at 345, 256 S.E.2d at 887. Contributory negligence would bar a plaintiff's recovery even where the plaintiff's negligence was slight.

against the public policy of West Virginia; consequently, Mrs. Mills maintains that the wrongful death issues should be governed by West Virginia law.

Roadway argues that the public policy exception to the lex loci delicti doctrine should be used sparingly and that it is applicable only where the rights of West Virginia residents will be prejudiced by application of the foreign state doctrine, emphasizing that Mrs. Mills was a Georgia resident at the time of filing and now is a Tennessee resident. Mrs. Mills counters that argument by stressing that the public policy exception is designed to enforce the public policy of West Virginia in actions filed in this state and is not dependent upon the residence of the plaintiff.

█ Roadway also attempts to persuade this Court against invocation of the public policy exception by reference to Mr. Mills' extensive criminal record and the volitional action in which he allegedly engaged during the altercation leading to his death. We decline to structure our determination of the appropriate application of the public policy exception upon the specific actions of the parties in any particular case. Were we to adopt Roadway's proposition, we would be relegated to determining the application of an integral rule of conflicts of law upon a case by case analysis. We therefore adhere to the rule that the doctrine of lex loci delicti will not be invoked where "the application of the substantive law of a foreign state ... contravenes the public policy of this State." *Paul,* 177 W.Va. at 433, 352 S.E.2d at 556. Concluding that the contributory negligence doctrine of Maryland contravenes the public policy of this State, we hold that West Virginia law should govern the resolution of the wrongful death issues in the case sub judice. Application of the doctrine of contributory negligence, barring a plaintiff's recovery if that plaintiff is guilty of any negligence, violates the public policy of this State; accordingly, contributory negligence laws of foreign jurisdictions will not be enforced in the courts of this State.

## IV. CONCLUSION

Based upon the foregoing, we answer the certified questions as the lower court answered those questions, as follows:

1. In a wrongful death action pending in West Virginia against a trucking company principally located in Ohio, which is based upon a claim that the trucking company negligently hired a driver who shot and killed a driver in Maryland, does the substantive law of the State of Ohio, Maryland or West Virginia control the negligent hiring cause of action?

Answer: Maryland.

2. In a wrongful death action pending in WV against a trucking company principally located in Ohio, which is based upon a claim that the trucking company negligently hired a driver who shot and killed a driver from West Virginia while in Maryland, does the substantive law of Maryland apply to the wrongful death cause of action, including the defenses of contributory negligence and assumption of the risk?

Answer: West Virginia.

Having answered the certified questions, we dismiss this case from the docket of this Court and remand the case to the Circuit Court of Mineral County for further proceedings consistent with this opinion.

Certified questions answered.